CANNON v. CREW; STATE v. NORDAN.

cases, and stands as the decision in this case without becoming a precedent. *Howard v. Coach Co.,* 216 N. C., 799, 4 S. E. (2d), 449; *Pafford v. Construction Co.,* 218 N. C., 782, 11 S. E. (2d), 548.

Affirmed.

---

C. CARLTON CANNON, ADMINISTRATOR OF THE ESTATE OF JOHN CLAUDE SMITH, DECEASED, v. J. WINFIELD CREW, JR., TRUSTEE, AND J. W. CREW.

(Filed 18 March, 1942.)

APPEAL by defendant from *Johnson, Special Judge,* at September Term, 1941, of HALIFAX. No error.

This was an action to restrain a foreclosure sale. Plaintiff alleged that the debt secured, originally $3,000, had been reduced to $1,400, and offered to pay that amount. Defendants contended the amount was $2,800. The verdict was in favor of plaintiff that the debt was only $1,400 and interest. From judgment on the verdict defendants appealed.

*Allsbrook & Benton for plaintiff, appellee.*
*E. L. Travis and W. Lunsford Crew for defendants, appellants.*

PER CURIAM. An issue of fact was raised by the pleadings which the jury has answered in favor of the plaintiff. An examination of the record leads us to the conclusion that defendants' assignments of error are without substantial merit, and that the result should not be disturbed.

No error.

---

STATE v. MYRTLE NORDAN.

(Filed 18 March, 1942.)

APPEAL by defendant from *Harris, J.,* at September Term, 1941, of HARNETT.

Criminal prosecution upon a warrant charging a violation of the prohibition laws.

The evidence in this case discloses that the husband of the defendant swore out a search warrant against his wife, and, using this warrant, officers went to the home of the defendant and found her pouring whisky through a hole in the floor. Upon a search of the premises, seven one-half gallon jars of contraband liquor were found.

Verdict: Guilty as charged in the warrant of having whisky in her possession for the purpose of sale.

Judgment: Imprisonment in the county jail for six months, to be hired out by county commissioners. The defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*
*J. R. Young for defendant.*

PER CURIAM. The several assignments of error shown in the record on appeal are without sufficient merit to disturb the verdict below.

In the trial below, we find

No error.

WILLIAM PETERSON v. ALPHONSO McLAMB AND WIFE, EUTHA McLAMB.

(Filed 8 April, 1942.)

**1. Appeal and Error § 38—**
    When the Supreme Court is evenly divided in opinion, one Justice not sitting, the judgment of the lower court will be affirmed without becoming a precedent.

**2. Appeal and Error § 3b—**
    When a party dies pending appeal, his administratrix will be substituted as a party upon motion. Rule 37.

APPEAL by plaintiff from *Carr, J.,* at September Term, 1941, of SAMPSON.

*Jno. B. Williams, Jr., and P. D. Herring for plaintiff, appellant.*
*E. J. Wellons for defendants, appellees.*

PER CURIAM. Plaintiff appealed from a judgment of the Superior Court holding that upon the facts found by the referee the plaintiff was not entitled to recover. This Court being evenly divided in opinion as to the correctness of this ruling, *Justice Schenck* not sitting, the judgment of the Superior Court is affirmed, without becoming a precedent.

The death of the plaintiff pending appeal having been suggested, upon her motion Eva L. Peterson, administratrix, is made party plaintiff in lieu of William Peterson, the decedent. Rule 37.

Judgment affirmed.